UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BISHOP, | ) | No. CV 04-8160 CW |
| Plaintiff, | ) ) | DECISION AND ORDER |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff William Bishop was born on January 6, 1950, and was 52 years old at the time of his administrative hearing. [Administrative Record, "AR," 64, 295.] He has a twelfth grade education and past relevant work experience as a parking lot signaler and a construction

worker's helper. [AR 23.]  Plaintiff alleges disability on the basis of sleep difficulties, hepatitis C, psychological problems, possible diabetes, problems with his left foot and ankle, lower back pain and vision problems. [AR 67.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 30, 2004, and filed on October 4, 2004.  On February 15, 2005, defendant filed plaintiff's Administrative Record ("AR").  On July 19, 2005, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff protectively filed an application for supplemental security income ("SSI") on July 25, 2000, alleging disability since March 1, 1994. [AR 64.]  An administrative hearing was held on December 11, 2002, before Administrative Law Judge ("ALJ") David L. Wurzel. [Transcript, AR 295.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert ("VE") David Rinehart. [AR 296.]  The ALJ denied benefits on March 25, 2004. [Decision, AR 25.]  When the Appeals Council denied review on August 12, 2004, the ALJ's decision became the Commissioner's final decision. [AR 4.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

    Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
    Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
    Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

    Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

education, and work experience, a claimant can perform other work which is available in significant numbers.  <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date (step one)[AR 16], that plaintiff had "severe" impairments, namely status post partial surgical fusion of the left ankle; status post left knee fracture; mild degenerative joint disease of the cervical and lumbosacral spine; seropositive Hepatitis C without stigmata of hepatitis; obesity; presbyopia; bipolar disorder versus major depressive disorder; and polysubstance abuse (step two). [AR 19.]  The ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [<u>Id.</u>]  The ALJ assessed plaintiff's RFC as consistent with an ability to perform work at the light exertional level. [AR 19-20.]  Based on the testimony of the VE, the ALJ concluded that plaintiff could resume his past relevant work as a parking lot signaler (step four). [AR 23.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [<u>Id.</u>]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies one disputed issue: whether the ALJ properly considered the examining physician's opinion. [JS 4.]  In addition, this case raises the issue of whether the ALJ erred in failing to order a psychiatric consultative examination.

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**D.   ISSUE ONE: THE EXAMINING PHYSICIAN'S OPINION**

In December 2000, plaintiff underwent an internal medicine evaluation performed by Dr. Lilian Chang. [AR 212-16.]  Dr. Chang reviewed plaintiff's medical records and x-rays, including those relating to a prior injury to plaintiff's left foot.  The records documented a partial subtalar joint effusion (of the left ankle), a diagnosis of hepatitis C, and a metallic staple with surrounding bone healing involving the left calcaneus (heel) and partial fusion of the posterior subtalar joint. [AR 213.]   Dr. Chang's physical examination of the lower extremities revealed that plaintiff had limited dorsiflexion and plantar flexion of the left foot [AR 215], and the doctor observed that plaintiff had a "clearly left antalgic gait." [AR 216.]  Based on her examination and review of the records, Dr. Chang gave plaintiff a functional assessment generally enabling him to perform medium-level work [AR 216], with the notable exception that plaintiff could stand and walk for only four hours cumulatively in an eight-hour workday. [Id.]

In his decision, the ALJ declined to adopt Dr. Chang's functional limitation with respect to standing and walking and, instead, "gave most weight to the assessments of the state agency medical advisor," who opined that plaintiff could stand or walk for six hours in an eight-hour day. [AR 21, 220.]  The state agency medical advisor explicitly rejected Dr. Chang's assessed functional limitation as too restrictive, arguing that "I find nothing in the examination that would support this restriction." [AR 225.]  Based on the state agency advisor's assessment, most of the hypothetical questions posed to the VE posited an individual who could walk and stand for six hours in a

workday.[2] [AR 341-45.] Relying on the VE's responses, the ALJ concluded that plaintiff could resume his past work as a parking lot signaler and, thus, was not disabled. [AR 23.]

Plaintiff argues that the ALJ's rejection of Dr. Chang's assessment was improper in the absence of "specific and legitimate reasons" for the rejection. [JS 5.] This point is well-taken. The Ninth Circuit has held that the opinion of a non-examining state agency medical advisor is normally entitled to less deference than that of an examining or treating physician because a medical advisor does not have the opportunity to conduct an independent examination and does not have a treatment relationship with the claimant. See Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995). Where the opinion of the non-examining physician is based on independent clinical findings that differ from those of the treating or examining physician, the opinion of the nontreating source may itself be substantial evidence, and it is then solely the province of the ALJ to resolve the conflict. Id. at 1040 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). Where, on the other hand, a non-examining physician's opinion is not based on independent clinical findings, or rests on clinical findings also considered by the examining physician, the opinion of the examining physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id.; see also Moore v. Commissioner of the Social Security Administration, 278 F.3d

---

[2] One of the hypothetical questions posited an individual limited to sedentary work, whom the VE found precluded from performing plaintiff's past relevant work, but the VE was not asked whether such an individual could perform other work in the national economy. [AR 345.]

920, 924 (9th Cir. 2002); Lester, 81 F.3d at 831.

Here, the opinion of the non-examining, state agency medical advisor was not based on independent clinical findings. Both the state agency medical advisor and Dr. Chang reviewed the same medical records regarding plaintiff's left leg to reach different conclusions regarding his functional capacity. The difference was critical because it influenced the VE's testimony regarding what jobs plaintiff could perform, including plaintiff's past job as a parking lot signaler, which requires constant standing. Under these circumstances, Dr. Chang's opinion was entitled to more deference as a matter of law, and the ALJ could not reject her opinion unless he provided specific and legitimate reasons supported by substantial evidence in the record. The opinion of the state agency medical advisor, based solely on documentary history and laboratory evidence, could not, standing alone, be considered substantial evidence. Lester, 81 F.3d at 831; Pitzer v. Sullivan, 908 F.2d 502, 506 & fn.4 (9th Cir. 1990)("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician."). The ALJ has cited no additional reasons to support his preference among the medical opinions, other than the fact that the state agency advisor "had the benefit of virtually the entire record." [AR 21.] However, neither the ALJ nor the state agency medical advisor cited the particular medical evidence that they relied upon, and which Dr. Chang did not have an opportunity to review, that informed their departure from Dr. Chang's opinion (rather, it appears that Dr. Chang reviewed all of the medical evidence in the record pertinent to plaintiff's left knee and foot). Accordingly, the ALJ

did not provide reasons that were sufficiently "specific" or "substantial" under the Ninth Circuit's standard. <u>Cf</u>. <u>Lester</u>, 81 F.3d at 831 (ALJ properly relied on non-examining physician's opinion when it was combined with "an abundance of evidence" supporting the ALJ's decision). Under these circumstances, the ALJ's reliance on the non-examining physician's opinion to assess plaintiff's RFC cannot stand. Remand for further proceedings is required so that the VE can answer questions pertaining to the additional medical evidence.

### E.   ISSUE TWO: THE LACK OF A PSYCHIATRIC EXAMINATION

In August 2000, plaintiff began receiving psychiatric treatment at the Tri-City Mental Health Center for complaints of hallucinations and paranoid delusions. [AR 258.] Plaintiff was treated at Tri-City by Dr. Jack Morton, an osteopath who is not a Board-certified psychiatrist. [AR 168, 183.] Dr. Morton treated plaintiff for seven months, during which he diagnosed plaintiff with bipolar disorder (for which plaintiff was prescribed Lithium) [AR 228, 231, 234, 239, 240, 242, 244, 248, 254], amphetamine dependence [AR 248], and mood disorder, not otherwise specified [AR 244]. In response to a "Mental Disorder Questionnaire Form," Dr. Morton wrote that plaintiff has "very poor communication skills and is very 'threatening' to others," and "will ask repeated questions" in response to receiving directions. [AR 167.] Dr. Morton also wrote that if plaintiff was compliant with his treatment plan, he should be stable in the next six to twelve months. [AR 168.]

The ALJ gave only "moderate" weight to Dr. Morton's assessment, noting that Dr. Morton lacked board certification in psychiatry and "made no functional assessment, except to say that the claimant had very poor interpersonal skills." [AR 20.] In giving moderate weight

to Dr. Morton's opinion, the ALJ ultimately assessed plaintiff's RFC to include no more than one hour of interpersonal contact with the public during the workday. [AR 24.]  The ALJ did not order a consultative mental examination before making the assessment.

An ALJ has broad latitude in ordering a consultative examination. Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2002)(citing Diaz v. Sec'y of Health and Human Servs., 898 F.2d 744, 778 (10th Cir. 1990)). If the ALJ determines that the record contains sufficient information to resolve the issue of disability, an examination is not required. Id.  Some types of cases, however, do normally require a consultative examination, including those in which "additional evidence needed is not contained in the records" and those involving an "ambiguity or insufficiency in the evidence [that] must be resolved.  Id. (quoting 20 C.F.R. §§ 404.1519a(b)(1),(4); 416.919a(b)(1),(4)); see also Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997)(describing the circumstances under which a consultative examination is required).

Here, it is apparent from the ALJ's discussion of Dr. Morton's treatment notes that the current psychiatric record, although strongly suggesting that plaintiff suffers from bipolar disorder, was insufficient to make a determination of disability.  The ALJ noted that Dr. Morton "made no functional assessment" [AR 20], and the record contains no such assessment from any other treating or examining source.  Thus, the hypothetical question that the ALJ posed to the VE, positing an individual who was functionally limited to one hour of interpersonal contact with the public [AR 344-45], was based solely on the ALJ's own interpretation of the psychiatric evidence. It is well-settled, however, that a functional assessment must be based on pertinent medical evidence.  See Day v. Weinberger, 522 F.2d

1154, 1156 (9th Cir. 1975)(ALJ may not go outside medical record to make own assessment of claimant's physical condition). Rather than assuming what functional limitations would arise from plaintiff's bipolar and mood disorders, it would have been advisable to order a psychiatric examination. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993)("The ALJ...finding no evidence upon which to make a finding as to RFC, should have exercised his discretionary power to order a consultative examination."). In addition, plaintiff has offered more than sufficient evidence of his psychiatric impairments to raise outstanding issues with respect to the issue of disability. See Hawkins, 113 F.3d at 1167 ("[T]he starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation."). Under these circumstances, therefore, remand is necessary for further development of the psychiatric record.[3]

**F. REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate

---

[3] At the time of the administrative hearing, plaintiff was fifty-two years old, which is considered "approaching advanced age" under the Medical-Vocational Guidelines ("Grids"). 20 C.F.R. Pt. 404, Subpt. P, App. 2. At the time of this decision, plaintiff will be fifty-six years old, which is considered "advanced age," and under Rule 202.04 of the Grids, it appears that plaintiff would now be found disabled based on his exertional limitations alone. However, given that outstanding issues would remain regarding the onset date of plaintiff's disability, remand for further proceedings is appropriate.

award of benefits. <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. <u>Id</u>. Here, as set out above with respect to Issues One and Two, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: March 9, 2006

_____/s/_____
CARLA M. WOEHRLE
United States Magistrate Judge